1  VERA M. ELSON (CA Bar No. 156327)
   ROBERT J. BLANCH (CA Bar No. 189632)
2  McDERMOTT, WILL & EMERY
   3150 Porter Drive
3  Palo Alto, CA 94304-1212
   Telephone:    (650) 813-5000
4  Facsimile:    (650) 813-5100

5  RAPHAEL V. LUPO (DC Bar No. 07634)
   DONNA M. TANGUAY (PA ID. No. 50109)
6  McDERMOTT, WILL & EMERY
   600 13th Street, N.W.
7  12th Floor
   Washington, DC 20005-3096
8  Telephone:    (202) 756-8000
   Facsimile:    (202) 756-8087
9
   Attorneys for Defendant,
10 NATIONAL SEMICONDUCTOR CORPORATION

ORIGINAL FILED
JUN 27 '02
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| OPTI, INC., a California corporation,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>NATIONAL SEMICONDUCTOR CORP., a Delaware corporation,<br><br>Defendant and Counterclaim Plaintiff. | Case No. CV 02-2106 JF/RS<br><br>NATIONAL SEMICONDUCTOR CORPORATION'S ANSWER TO OPTI, INC.'S COMPLAINT AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

Defendant and counterclaim plaintiff National Semiconductor Corporation ("National Semiconductor") hereby answers the Complaint filed by Opti, Inc. ("Opti") and counterclaims for declaratory relief against Opti as follows:

## JURISDICTION AND VENUE

1.  National Semiconductor admits that the Complaint alleges patent infringement under Title 35, U.S.C., but denies the remaining averments of paragraph 1 of the Complaint.

2. National Semiconductor admits that this Court has subject matter jurisdiction over actions for alleged patent infringement.

3. National Semiconductor admits the averments of paragraph 3.

### THE PARTIES

4. National Semiconductor is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of the Complaint and on that basis denies each such averment.

5. National Semiconductor admits the averments of paragraph 5.

6. National Semiconductor admits the averments of paragraph 6.

7. National Semiconductor admits the '807 patent issued on August 31, 1999, that a copy of the '807 patent was attached to the Complaint, denies that the '807 patent was duly and lawfully issued, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 7 and on that basis denies each such remaining averment.

8. National Semiconductor admits the '141 patent issued on August 1, 2000, that a copy of the '141 patent was attached to the Complaint, denies that the '141 patent was duly and lawfully issued, and is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 8 and on that basis denies each such remaining averment.

### FIRST CLAIM FOR RELIEF

9. National Semiconductor hereby restates and incorporates by reference its responses 1-8, above, as its response to paragraph 9 of the Complaint.

10. National Semiconductor admits that the Complaint alleges patent infringement under 35 U.S.C. §§ 271 and 281, but denies the remaining averments of paragraph 10 of the Complaint.

11. National Semiconductor denies the averments of paragraph 11 of the Complaint.

12. National Semiconductor denies the averments of paragraph 12 of the Complaint.

13. National Semiconductor denies the averments of paragraph 13 of the Complaint.

14. National Semiconductor denies the averments of paragraph 14 of the Complaint.

15. National Semiconductor denies the averments of paragraph 15 of the Complaint.

16. National Semiconductor denies the averments of paragraph 16 of the Complaint.

## SECOND CLAIM FOR RELIEF

17. National Semiconductor hereby restates and incorporates by reference its responses 1-8, above, as its response to paragraph 17 of the Complaint.

18. National Semiconductor admits that the Complaint alleges patent infringement under 35 U.S.C. §§ 271 and 281, but denies the remaining averments of paragraph 18 of the Complaint.

19. National Semiconductor denies the averments of paragraph 19 of the Complaint.

20. National Semiconductor denies the averments of paragraph 20 of the Complaint.

21. National Semiconductor denies the averments of paragraph 21 of the Complaint.

22. National Semiconductor denies the averments of paragraph 22 of the Complaint.

23. National Semiconductor denies the averments of paragraph 23 of the Complaint.

24. National Semiconductor denies the averments of paragraph 24 of the Complaint.

## PRAYER FOR RELIEF

National Semiconductor incorporates its responses to paragraphs 1 through 24 of the Complaint and denies that Opti is entitled to any relief or judgment, including that set forth in paragraphs A through I of its prayers for relief, against National Semiconductor.

## AFFIRMATIVE DEFENSES

Further answering as to all claims of the Complaint, National Semiconductor avers that:

### First Affirmative Defense

The claims of the '807 patent are invalid because they fail to meet the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 of the Patent Laws.

### Second Affirmative Defense

The claims of the '141 patent are invalid because they fail to meet the requirements for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112 of the Patent Laws.

### Third Affirmative Defense

National Semiconductor has not infringed, and is not infringing, any of the claims of the '807 patent.

### Fourth Affirmative Defense

National Semiconductor has not infringed, and is not infringing, any of the claims of the '141 patent.

### Fifth Affirmative Defense

The plaintiff is barred from recovering any alleged damages from National Semiconductor that accrued prior to the filing of the Complaint because the plaintiff failed to comply with the requirements of 35 U.S.C. § 287.

### Sixth Affirmative Defense

The plaintiff is barred from relief for any or all infringement of the '807 and '141 patents under the doctrine of laches.

### Seventh Affirmative Defense

The plaintiff is barred from relief for any or all infringement of the '807 and '141 patents under the doctrine of waiver.

### Eighth Affirmative Defense

The plaintiff is barred from relief for any or all infringement of the '807 and '141 patents under the doctrine of equitable estoppel.

### COUNTERCLAIM FOR DECLARATORY RELIEF

Defendant and counterclaim plaintiff National Semiconductor pleads the following claims against plaintiff and counterclaim defendant Opti:

1. This counterclaim seeks a declaratory judgment of invalidity of U.S. Patent Nos. 5,944,807 ("the '807 patent") and 6,098,141 ("the '141 patent") asserted by Opti against National Semiconductor and seeks a declaratory judgment of non-infringement of the '807 and '141 patents by any and all National Semiconductors products that Opti has alleged have or are infringing such patents as set forth in Opti's Complaint filed on April 30, 2002.

### THE PARTIES

2. Counterclaim plaintiff National Semiconductor is a corporation organized and existing under the laws of the State of Delaware and has its corporate headquarters at 2900 Semiconductor Drive in Santa Clara, California. Combining real-world analog and state-of-the-

art digital technology, National Semiconductor is focused on the fast growing markets for wireless handsets, displays, information appliances, and information infrastructure.

3. On information and belief, counterclaim defendant Opti is a corporation organized and existing under the laws of the State of California and has its principal place of business at 880 Maude Ave., Suite A, Mountain View, California.

## JURISDICTION AND VENUE

4. This is an action for declaratory judgment. There is an actual controversy between the parties with regard to the invalidity, non-infringement and liability with respect to the '807 and '141 patents. A reasonable apprehension of suit for infringement of the '807 patent and '141 patent has been created by Opti's filing of a Complaint on April 30, 2002, for purported patent infringement of the '807 patent and '141 patent against National Semiconductor.

5. Jurisdiction over this case is proper pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6. An actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 exists between counterclaim defendant Opti, on the one hand, and National Semiconductor, on the other hand, with respect to the invalidity and/or non-infringement of the '807 patent and the '141 patent.

7. Venue for this counterclaim is appropriate within this district because this declaratory judgment action arises from facts and circumstances recently alleged in *Opti, Inc. v. National Semiconductor Corp.*, Case No. CV 02-2106 JF/RS, filed in this district whose jurisdiction counterclaim defendant Opti has availed itself of, and because upon information and belief, pursuant to 28 U.S.C. § 1400(b), Opti resides in this district and a substantial part of the events giving rise to the claim occurred within this district.

## CLAIMS FOR DECLARATORY RELIEF

8. Counterclaim defendant Opti purports to be the owner of the '807 and '141 patents. Opti has filed a complaint for patent infringement alleging that National Semiconductor's products infringe one or more claims of the '807 patent and the '141 patent.

9.  National Semiconductor seeks a declaratory judgment that the National Semiconductor products referenced in Opti's Complaint do not infringe any of the claims of the '807 patent or the '141 patent.

10. On information and belief, the '807 patent and the '141 patent are invalid for failing to comply with the provisions of the patent laws, Title 35 U.S.C., including without limitation, 35 U.S.C. §§ 102, 103 and/or 112. National Semiconductor seeks a declaratory judgment that the '807 patent and the '141 patent are invalid.

11. This is an "exceptional" case under 35 U.S.C. § 285 such that attorneys' fees and costs should be awarded to National Semiconductor.

## PRAYER FOR RELIEF

WHEREFORE, National Semiconductor prays for the following relief:

A.  The Court enter judgment declaring that National Semiconductor has not infringed the '807 patent;

B.  The Court enter judgment declaring that National Semiconductor has not infringed the '141 patent;

C.  The Court enter judgment declaring that the '807 patent is invalid and unenforceable;

D.  The Court enter judgment declaring that the '141 patent is invalid and unenforceable;

E.  The Court award National Semiconductor its reasonable costs and attorneys' fees in accordance with 35 U.S.C. § 285, together with interest, including prejudgment interest, thereon; and

F.  The Court grant to National Semiconductor such other and further relief as may be deemed just and appropriate.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), defendant and counterclaim plaintiff National Semiconductor demands a trial by jury.

Dated: June 27, 2002

McDERMOTT, WILL & EMERY

By: *Vera M. Elson* / [signature]
VERA M. ELSON (CA Bar No. 156327)
ROBERT J. BLANCH (CA Bar No. 189632)
McDERMOTT, WILL & EMERY
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 813-5000
Facsimile: (650) 813-5100

RAPHAEL V. LUPO (DC Bar No. 07634)
DONNA M. TANGUAY (PA ID. No. 50109)
McDERMOTT, WILL & EMERY
600 13th Street, N.W.
12th Floor
Washington, DC 20005-3096
Telephone: (202) 756-8000
Facsimile: (202) 756-8087

Attorneys for Defendant NATIONAL SEMICONDUCTOR CORPORATION

MPK 51086-1.002421.0043

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 3150 Porter Drive, Palo Alto, CA 94304. On June 27, 2002, I served the within documents:

## ANSWER TO COMPLAINT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below.

☒ by causing personal delivery by A&A Legal Services of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Douglas K. Derwin
Daniel R. Siegel,
DERWIN & SIEGEL
3280 Alpine Road
Portola Valley, CA 94028
Telephone:   (650) 529-8700

Warren S. Wolfeld
Haynes Beffel & Wolfeld
751 Kelly Street
Half Moon Bay, CA 94019
Telephone:   (650) 712-0340

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 27, 2002, at McDermott, Will & Emery, Palo Alto, California.

*/s/ Aimee Leonetti*
Aimee Leonetti